(No. 479█ )

JAMES F. SINCLAIR, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1959.*
*Petition of claimant for rehearing denied July 24, 1959.*

WESNER AND PLATER, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

James F. Sinclair filed a complaint in this Court on December 2, 1957, and an amended complaint on January 14, 1958, seeking damages for personal injuries sustained by him on December 4, 1956, while he was an inmate of the Illinois State Penal Farm at Vandalia, Illinois, having been committed there through an order of the County Court of the County of Crawford and State of Illinois.

The record consists of the following:

1. Complaint
2. Amended complaint
3. Order for physical examination of claimant
4. Departmental Report
5. Transcript of evidence
6. Respondent's exhibits Nos. 1 and 2
7. Respondent's x-ray exhibits Nos. 3 and 4
8. Statement, brief and argument of claimant
9. Statement, brief and argument of respondent
10. Reply brief of claimant
11. Commissioner's Report

The facts in this case are brief. The only occurrence witness testifying as to what transpired on the date of the accident, when the personal injuries were sustained, was claimant.

On December 4, 1956, claimant, who had some experience in plumbing, was ordered to insulate a hot water tank in the basement of the boiler room of the Institution by lacing chicken wire around it. He was furnished with a ladder, which consisted of three steps, including the top step, the rear of which was perpendicular. This type of ladder was primarily used by older inmates in the dormitory in getting into the upper bunks, but was

also used in and about the Institution for other purposes. It was approximately 29½ inches high, but was not a collapsible or adjustable ladder. Pictures of said ladder were attached to the Departmental Report, and are referred to as respondent's exhibits Nos. 1 and 2. Another inmate was also working on the opposite side of the tank, which was being insulated.

The hot water tank was one of 55 gallon capacity, and was 6 feet above the floor. There is some question as to whether or not the concrete floor beneath the tank was wet at the time claimant was working. The water tank was above his head while he stood on the ladder, and he was working with his hands above his head at the time.

The negligence charged on which this claim is predicated is that the ladder was not an ordinary stepladder, but that such ladder was used primarily for the purpose of inmates getting into the upper bunks at the Institution. The back of said ladder was perpendicular, and could not be adjusted to compensate for someone attempting to use the same in and about the insulating of a hot water tank, or, in other words, that the ladder was dangerous when used on a slippery wet floor. The complaint alleges that, as a direct and proximate result thereof, claimant fell to the floor, and sustained injuries to the left side of his body, head and shoulder, as well as a fractured wrist, commonly known as a Colles' fracture.

Claimant contends that he was an employee under the provisions of the Health and Safety Act, and that there would be no question of contributory negligence in a case of this kind. Authorities in support thereof are cited, some of which are Federal Employers' Liability cases.

We have had occasion to pass on questions similar to those presented us in this case, i.e., *Moore* vs. *State of Illinois*, 21 C.C.R. 282 at 288; *Sparacino* vs. *State of Illinois*, 22 C.C.R. 571 at 573, wherein this Court held that a convict is not an employee, and that cases of this kind fall under the common law rules of ordinary negligence.

Claimant, being an inmate, must prove by a preponderance or greater weight of the evidence that the injury, which he sustained, was primarily caused by some overt negligence on the part of the State before he can recover. *Allen* vs. *State of Illinois*, 21 C.C.R. 450.

We have also previously held that the contributory negligence of an inmate of a penal institution will bar recovery for an injury, which he sustained. *Moore* vs. *State of Illinois*, 21 C.C.R. 282.

The type of ladder in question, which was used by the State, did not collapse or break, and thus cause claimant to fall. There is no claim or proof on behalf of claimant that a condition existed, which caused claimant to fall. In fact, it does not appear in the record how claimant fell off of the ladder, and to find the State negligent and claimant free from contributory negligence would necessitate speculating that, because claimant fell from a ladder of the type in question, the State was negligent. Whether claimant improperly placed the ladder underneath where he was working, or whether he leaned too far forward, which would cause him to be insecure on the ladder, and could result in his falling therefrom, is not disclosed. If this was the case, of course, he would be guilty of contributory negligence, which would bar him from recovery. In any event, we do not think that claimant has sustained the burden of proof, which he would be required to sustain in a case of this kind. Under the authorities cited herein by respondent, and under the

rules of common law negligence, we will have to deny the claim.

An award to claimant, therefore, must be and is hereby denied.